MATTER OF LEE

In Deportation Proceedings

A-11196360

Decided by Board May 27, 1966

Motion to reopen deportation proceedings to permit the filing of an application for suspension of deportation is denied since, in the absence of particularly strong equities, the favorable exercise of discretion to grant suspension of deportation is not merited by respondent who, following admission as a non-immigrant student, has acquired a bare minimum eligibility for such relief by taking advantage of every administrative, and other, remedy available to him.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant (student)—Remained longer.

On November 12, 1964, the special inquiry officer granted the respondent's request for voluntary departure, but provided for his deportation to Japan, alternatively to the Republic of Korea, on the charge contained in the order to show cause, in the event of his failure to so depart.[1] That decision became final for want of an appeal.

Subsequently, however, the respondent moved to reopen his case so he could file and prosecute an application for suspension of deportation. On March 22, 1966, the special inquiry officer denied that motion. The appeal from that denial, which brings the case before this Board for consideration, will be dismissed.

The record relates to a 33-year-old male alien, a native of Japan and citizen of Korea, who last entered the United States on or about September 10, 1958. He was then admitted as a nonimmigrant student, and he was authorized to remain here in that status until October 7, 1963. On March 17, 1964, he was directed to depart on or before June 4, 1964, and the time for his departure was later exten-

[1] The respondent designated Japan, the country of his nativity, as the country to which he wished to go in the event of deportation; and he testified (p. 3) that he would not be persecuted if deported to Korea, the country of his nationality.

ded to October 4, 1964. He has remained here since that date without authority. His deportability, therefore, is established. It is also uncontested.

The request to reopen these proceedings is based on the assertion that respondent has been a resident of the United States for more than seven years; that he now appears eligible to exercise the privilege of applying for suspension of deportation; and that it would be in the best interests of all concerned, including respondent's employer, if such application be considered on its merits. Essentially, however, claimed hardship to respondent's minor citizen child of tender years is the reason for this appeal.

An application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act, as amended, presents the dual aspects of eligibility and the exercise of discretionary authority. To be eligible for relief under that section of the law, the respondent must establish that:

(1) he has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application;

(2) during all such period he has been a person of good moral character; and

(3) he is a person whose deportation would result in extreme hardship to himself or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

The respondent, however, is not entitled, as of right, to an order reopening his deportation proceedings.

Herein, we have an alien who was admitted to and permitted to remain in the United States as a student for five years. When his status as a student terminated, instead of departing as directed he married another alien student. Hardship to the child of that union is the fundamental basis for the present appeal. Prior to his deportation hearing, following his failure to depart, respondent had private legislation introduced into the Congress in his behalf. The special inquiry officer has already granted him voluntary departure, the maximum relief for which he was then eligible.

Briefly, by way of summary, the respondent has acquired bare minimum eligibility for suspension of deportation by taking advantage of every administrative, and other, remedy available to him. The special inquiry officer's opinion contains a succinct resume of a Congressional report indicating legislative disapproval of rewarding with permanent resident status aliens with histories similar to the respondent's.[2] We may properly take into account the Congres-

---

[2] See Appendix

sional policy underlying the statute involved.[3] This is not to say that we could not and would not, nevertheless, authorize suspension of deportation in a case presenting particularly strong equities, but we find none such here.

Accordingly, and in view of the foregoing, we are convinced that favorable exercise of discretion to grant suspension of deportation in this case is not indicated. Under such circumstances, a motion to reopen deportation proceedings to permit an application for such relief may rightly be denied.[4] The special inquiry officer's decision, therefore, is approved.

**ORDER:** It is ordered that the appeal be dismissed.

### APPENDIX

House of Representatives, 89th Cong., 1st Sess.,
Report #1167, Oct. 14, 1965
(To accompany H. Res. 606)

---

"* * * However, it is to be noted that many aliens had been gaining admission into the United States illegally or ostensibly as nonimmigrants with the intention of establishing themselves in a situation from which they may subsequently have access to the administrative remedy under the provisions of section 244(a)(1) and thus adjust their status to that of a permanent resident.

The committee (on the judiciary) has noted * * * that a variety of delaying tactics have been utilized by certain aliens to meet the minimum requirements for suspension of deportation. The committee has expressed its disapproval of those cases where the alien has been for the greater part of the 7-year period in a legal status or in a protected status. Such cases include but are not limited to visitors, students, diplomatic employees, beneficiaries of private bills, and aliens admitted to the United States to prosecute frivolous claims to citizenship.

The power of suspending deportation is a dispensing power, and it is not the intention of the committee to approve those cases which would tend to establish a pattern of immigration."

---

[3] See *Hintopoulos* v. *Shaughnessy*, 353 U.S. 72.
[4] *Matter of M—*, 3 I. & N. Dec. 490: and *Matter of Z—*. 7 I. & N. Dec. 348.