MATTER OF HUEY

In Deportation Proceedings

A-10825941

*Decided by Board September 16, 1968*

The denial by Congress of suspension of deportation, standing alone, is not a bar to· the grant of adjustment of status under section 245 of the Immigration and Nationality Act, as amended. [*Matter of Lee*, 11 I. & N. Dec. 649, distinguished.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Visitor— remained longer.

ON BEHALF OF RESPONDENT:
Joseph S. Hertogs, Esquire
580 Washington Street
San Francisco, California 94111

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

This case is before us on certification from the special inquiry officer for review and final decision. He denied the respondent's application for adjustment of status and ordered only that he be deported to the Republic of China on Formosa. The respondent's application for adjustment of status will be granted.

The respondent is a native and citizen of China, age 33, who has resided in the United States since his arrival at San Francisco, California on or about January 28, 1952. He was admitted as a nonimmigrant visitor for the purpose of proceeding with an action then pending in a United States District Court. His action for a declaratory judgment of United States citizenship was dismissed on April 30, 1962. He has remained in this country without authority since that date.

The special inquiry officer, by order dated October 28, 1963, found that the respondent's deportation, which could only be effected to the Far East, would result in extreme hardship to him. Further finding the respondent eligible for such relief, he granted his application for suspension of deportation. However, the Con-

gress did not approve suspension of deportation in this case and the hearing was reopened. The respondent, a laundry worker since at least 1963, submitted an application for status as a permanent resident under the provisions of section 245. Counsel declined to apply for voluntary departure on behalf of the respondent as an alternative form of relief.

The special inquiry officer, by order dated May 7, 1968, noted that the respondent's father had been naturalized subsequent to his earlier decision and had then filed a petition on behalf of the respondent. The latter was accorded a first preference under the quota for China. The special inquiry officer concluded, however, in view of the decision in *Matter of Lee*, 11 I. & N. Dec. 649, to deny the respondent's application for permanent resident status as a matter of discretion since Congress had disapproved suspension of deportation in this case. In the absence of an application for voluntary departure, he ordered only that the respondent be deported on the charge contained in the order to show cause. Further finding that a question of policy is involved, the special inquiry officer certified this case to the Board for final decision. Neither party filed a brief in this matter.

At oral argument, counsel pointed out the respondent testified that until the time his father actually appeared and made his confession statement to the Service in 1962, "He had no reason to believe his father had *not* been born in the United States." Further, the respondent has never been to Taiwan and has only been in Hong Kong for a maximum period of about six months while waiting to proceed to this country. The visa petition filed in behalf of the respondent classifies the latter as in the first preference category, now that his father acquired citizenship here in 1967. Counsel contended that with the change in conditions since the Congress acted on the respondent's application for suspension of deportation, he should now be granted adjustment of status as a matter of discretion.

In reply, the Service stated that as of 1965, Congress did not want to grant suspension of deportation to the respondent and the only thing that has happened in the interim is "visa availability." It was contended that visa availability, standing alone, is not sufficient to justify the grant of permanent resident status in this case. Counsel for the respondent concluded that there is a considerable difference in standards for qualification of an applicant for suspension of deportation as compared with an applicant for adjustment of status under section 245 of the Act.

We have reviewed the entire proceedings in this matter and

6

conclude that on the record as a whole, there is sufficient affirmative evidence that the respondent is entitled to the relief sought herein. We find the facts in *Matter of Lee, supra*, relied upon by the special inquiry officer, to be clearly distinguishable as the respondent therein sought suspension of deportation. It is interesting to note that five years ago the special inquiry officer, in reliance upon the respondent's residence in this country during his entire adulthood and his father's status as a lawful resident of the United States, granted the respondent's application for suspension of deportation.

We do not interpret the denial by Congress of the application for suspension of deportation, standing alone, as a reason that section 245 relief should be denied, as urged by the Service. Certainly the respondent has much more than visa availability in his favor. He has resided in this country for almost 17 years, more than one-half of his entire lifetime. In addition, his father is now a United States citizen and the respondent is classified as being in the first preference category. The respondent has never been to Taiwan and the special inquiry officer found even five years ago that the respondent's deportation to the Far East would cause him extreme hardship. In the interim, he has become even more accustomed to our American way of life. The requirements necessary for an alien to warrant section 245 relief have generally been acknowledged to be less exacting than those necessary to merit suspension of deportation. The respondent herein has been found to be of good moral character. The respondent's entry was made in good faith and we have repeatedly held this to be an important factor in justifying a grant of adjustment of status, cf. *Matter of Garcia-Castillo*, 10 I. & N. Dec. 516, 790. Accordingly, we find that the circumstances warrant a favorable exercise of discretion. The respondent's application for adjustment of status under section 245 of the Act should be granted and these proceedings terminated.

ORDER: It is ordered that the outstanding order of deportation be withdrawn and the respondent's application for adjustment of status be granted.

7