in the United States in a protected status, had not presented facts excepting her from the *doctrine articulated in Matter of Lee* (B.I.A. 11 I. & N. Dec. 649).

In Asimakopoulos v. I&NS (9th Cir. 1971) 445 F.2d 1362 (No. 26,616, 1971), we overruled Matter of Lee because it conflicted with section 1254(a) (1).

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in *Asimakopoulos*.

**Angela Ching-Yee CHAN, Petitioner,**

v.

**George K. ROSENBERG, District Director, Immigration and Naturalization Service, Respondent.**

**No. 25959.**

United States Court of Appeals, Ninth Circuit.

Aug. 6, 1971.

Gordon G. Dale (argued), of Gould & Dale, Santa Ana, Cal., for petitioner.

L. Douglas Brown, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Carolyn M. Reynolds, Asst. U. S. Attys., Los Angeles, Cal., Stephen M. Stuffin, INS, San Francisco, Cal., Jozseph Sureck, Director, INS, San Pedro, Cal., John N. Mitchell, Atty. Gen., of U. S., Washington, D. C., for respondent.

Before KOELSCH, DUNIWAY, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Petitioner seeks reversal of the decision of the Board of Immigration Appeals denying her motion to reopen deportation proceedings to enable her to apply for suspension of deportation under 8 U.S.C. § 1254(a) (1). The Board ruled that petitioner, who had remained

**Robert HARRINGTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1942.**

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1971.

Robert Harrington, pro se.

Robert W. Rust, U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Chief, Crim. Div., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

BY THE COURT:

It is ordered that the appeal in the above entitled and numbered cause be and the same is hereby dismissed as moot, the court having recently ordered that appellant's conviction be vacated in Harrington v. United States, 5th Cir. 1971, 444 F.2d 1190.