## MATTER OF RICCIO

### In Deportation Proceedings

A–14778020

A–14778031

*Decided by Board January 13, 1976*

Administrative discretion in suspension of deportation cases should be exercised without reliance on Congressional committee reports as assumed indicators of Congressional policy underlying the statute involved *(Matter of Lee,* 11 I. & N. Dec. 649, modified). Discretionary determinations must be based on the circumstances in the case under consideration. Favorable and unfavorable factors must be weighed. The method by which an alien has prolonged his stay in the United States is a relevant factor.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor remained longer (both respondents)

| ON BEHALF OF RESPONDENT: | ON BEHALF OF SERVICE: |
|---|---|
| Victor M. Ferrante, Esquire | George Indelicato |
| 285 Golden Hill Street | Appellate Trial Attorney |
| Bridgeport, Connecticut 06604 | |

In a decision dated May 29, 1975, after a reopened hearing, the immigration judge denied the respondent's applications for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act in the exercise of his discretion, but granted the respondents the privilege of departing voluntarily in lieu of deportation. They have appealed from that decision. The record will be remanded.

The respondents had been found deportable on April 6, 1967, and had been granted the privilege of voluntary departure. They did not take an appeal from that decision, and failed to depart voluntarily. Their departure was not enforced during the pendency of three private bills filed in the Congress in their behalf. These bills were not enacted. The respondents were later granted extensions of voluntary departure time, and again failed to depart. Warrants for their deportation were issued on February 25, 1972.

Counsel filed an application for a Writ of Habeas Corpus in the United States District Court for the District of Connecticut, on August 31,

1972. The Service did not act to deport the respondents during the pendency of the court proceeding. The application for the Writ of Habeas Corpus was not adjudicated. On February 21, 1973, the immigration judge denied respondents' motion for reopening and reconsideration. On September 19, 1973, they filed applications for suspension of deportation. The immigration judge granted a motion to reopen the proceedings, on January 22, 1974, so that their applications for suspension of deportation could be considered.

In the reopened proceedings, the immigration judge concluded that the respondents were statutorily eligible for suspension of their deportation. Before denying their applications, in the exercise of administrative discretion, he quoted certain statements which the Committee on the Judiciary of the House of Representatives had made in H.R. Report No. 2151, September 28, 1966, 89th Cong., 2d Session. That report was almost identical with the report previously filed by the Committee on the Judiciary (H.R. Rep. No. 1167, October 14, 1965, 89th Cong., 1st Session), which we had discussed in *Matter of Lee*, 11 I. & N. Dec. 649 (BIA 1966). However, subsequently, in *Asimakopoulos* v. *INS*, 445 F.2d 1362 (C.A. 9, 1971), the court pointed out that the House Judiciary Committee did not speak for the whole Congress, that its 1965 report was not an effort "to tell the Attorney General how he should exercise the discretion delegated to him," and that reliance on the Committee report could effectively preclude the required exercise of administrative discretion. Our decision in *Matter of Lee, supra,* was reversed, for "failure to exercise discretion."

We hereby recede from that part of our opinion in *Matter of Lee, supra,* which assumed that the views expressed in the House Judiciary Committee report indicated a "Congressional policy underlying the statute involved." We had not intended to imply that the committee's report should govern or restrict the exercise of administrative discretion. To the extent that our decision in *Matter of Lee, supra,* has given that unintended impression, we hereby modify the decision. Administrative discretion in suspension of deportation cases should be exercised withot reliance on such committee reports as assumed indicators of Congressional policy.

Discretionary determinations must be based on the circumstances present in the case under consideration. Favorable and unfavorable factors must be weighed. The method by which an alien has prolonged his stay in this country is a relevant factor.

We shall remand the matter to the immigration judge so that he may exercise administrative discretion without reliance on the committee report which he quoted.

ORDER: The record is remanded to the immigration judge for further proceedings and a new decision.